Filed 3/3/22  In re N.T. CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re N.T., A Person Coming Under the Juvenile Court Law. | B313562 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | Los Angeles County Super. Ct. No. 21CCJP00211A |
| Plaintiff and Respondent, | |
| v. | |
| A.C., | |
| Defendant and Appellant; | |
| A.T., | |
| Intervener and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Pete R. Navarro, Judge Pro Tempore of the Juvenile Court.  Dismissed.

Karen J. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, Brian Mahler, Deputy County Counsel, for Plaintiff and Respondent.

Johanna R. Shargel, under appointment by the Court of Appeal, for Intervener and Respondent.

---

Mother appeals from the juvenile court's order removing her daughter N.T. from her physical custody under Welfare and Institutions Code section 387.[1]  Mother challenges the court's finding that its earlier disposition placing N.T. in parents' joint custody was ineffective in protecting the child, and—to prevent substantial harm to N.T.—it was necessary to remove her from mother's care.  The juvenile court has since terminated its jurisdiction and entered a final juvenile custody order granting sole physical custody of N.T. to father and giving mother monitored visitation rights.  Because mother never appealed from those orders, there is no effective relief we can grant her.  We thus dismiss the appeal as moot.

---

[1]     Statutory references are to the Welfare and Institutions Code, unless otherwise designated.

## RELEVANT BACKGROUND

Mother and father[2] are the parents of N.T. (born March 2020). They are not in a relationship and informally shared custody of N.T. In January 2021, the Los Angeles County Department of Children and Family Services (Department) filed a non-detained petition under section 300 on behalf of N.T., alleging she was at substantial risk of physical harm for various reasons, following an altercation between mother and father where father allegedly pushed mother while she was holding N.T. Mother had tried to take N.T. back from father, who had been caring for N.T. for several weeks.

On March 11, 2021, the juvenile court declared N.T. a dependent, after partially sustaining the petition under section 300, subdivisions (b)(1) and (j), having amended certain allegations by interlineation. The sustained allegations relevant to mother included that she had mental and emotional problems —including anxiety, depression, and post-traumatic stress disorder—that when left untreated limited her ability to care for N.T., thereby placing N.T at serious risk of physical harm; and her history of substance abuse, including cocaine and marijuana, rendered her unable to provide regular care for and endangered N.T.[3]

---

[2] Father is not an appellant. He joined in the Department's argument that substantial evidence supported the juvenile court's section 387 findings and removal order.

[3] The sustained allegations also included the fact that N.T.'s maternal half-siblings previously had been declared dependents of the juvenile court due to mother's substance abuse. The juvenile court terminated its jurisdiction over two of mother's

The court ordered N.T. to remain in parents' custody under the Department's supervision, with custody exchanges between parents to occur at a police station. Mother's court-ordered case plan included random or on-demand drug testing upon reasonable suspicion, a high-conflict resolution co-parenting program, and mental health counseling.

On April 21, 2021, the Department filed a section 387 petition on behalf of N.T. alleging the earlier disposition had been ineffective in protecting the child because mother had failed to comply with her family maintenance services, maintain contact with the Department, or comply with the juvenile court's visitation and exchange schedule, among other reasons. At a detention hearing, the court ordered N.T. detained from mother and to remain placed with father, with monitored visitation granted to mother.

At the June 7, 2021 section 387 adjudication hearing, the court sustained the petition, after amending the allegations by interlineation, as follows: "[M]other . . . has failed to comply with [the] Juvenile Court ordered services by not residing in a [Department] approved residence, failing to maintain contact with the [D]epartment, [and] failing to submit to random drug testing upon a reasonable suspicion. . . . [M]other's violation of Juvenile Court orders endangers the child's physical health and safety and places the child at risk of serious physical harm, damage, danger, and neglect." The court ordered N.T. removed from mother's physical custody, finding by clear and convincing

children after they were adopted. The court ordered a legal guardianship for a third child, later terminating its jurisdiction.

4

evidence there was a substantial danger to the child if she were returned to mother's care and no reasonable means to protect N.T., short of removal, existed.

The court ordered N.T. to remain placed in father's care and granted mother monitored visitation. Mother also was to participate in random or on-demand drug testing, as well as individual counseling, and submit to a psychological assessment. Mother appealed from the court's findings and orders sustaining the section 387 petition and removing N.T. from her care.

After mother filed her appeal, on October 13, 2021, the juvenile court found the conditions that would justify the initial assumption of jurisdiction no longer existed and were not likely to exist if supervision were withdrawn. It terminated its jurisdiction and stayed that order pending receipt of a final juvenile custody order awarding father sole physical custody over N.T. (with parents to have joint legal custody) and giving mother monitored visitation rights. On October 21, 2021, the juvenile court entered the final juvenile custody order, lifted its stay, and terminated its jurisdiction.

On January 14, 2022, the Department filed a motion for judicial notice of these post-appeal orders, and concurrently filed a motion to dismiss mother's appeal based on the court's termination of its jurisdiction over N.T. and entry of the final juvenile custody order.[4] Mother's counsel filed a response indicating mother did not oppose the request for judicial notice and submitted the motion to dismiss for decision

---

[4]     Father, through his counsel, joined in the Department's motions.

on the Department's pleadings.  We now grant the Department's request for judicial notice and take judicial notice of the above October 13 and 21, 2021 minute orders and October 21, 2021 final juvenile custody order.[5]  (Evid. Code, § 452, subds. (c) & (d).)

## DISCUSSION

Depending on the circumstances, an order terminating juvenile court jurisdiction may render an appeal from a previous order in the dependency proceeding moot.  (*In re C.C.* (2009) 172 Cal.App.4th 1481, 1488; see also *In re S.G.* (2021) 71 Cal.App.5th 654, 663–664 (*S.G.*) [termination of jurisdiction "does not categorically" render appeal from juvenile court order moot].)  "[T]he critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error."  (*In re N.S.* (2016) 245 Cal.App.4th 53, 60.)  "Thus, mootness of an appeal from a juvenile court order followed by the unappealed termination of juvenile court jurisdiction 'must be decided on a case-by-case basis.' "  (*S.G.*, at p. 664; *C.C.*, at p. 1488.)

Mother has appealed from the court's June 7, 2021 order sustaining the section 387 petition—finding that the previous disposition order ordering N.T. to remain in parents' physical custody was ineffective and there was substantial danger to N.T. if she were to return to mother's custody—and removing N.T. from mother's custody.  By asking us to reverse that order,

---

[5]     We also take judicial notice of a November 17, 2021 minute order correcting the October 21, 2021 minute order nunc pro tunc.

6

mother in essence is asking that N.T.'s earlier placement be reinstated—in other words, that N.T. be returned to her custody.

During the pendency of this appeal, however, the juvenile court not only terminated its jurisdiction over N.T., but also entered a final juvenile custody order awarding father sole physical custody of N.T. and restricting mother to once-weekly monitored visits. There is no indication that mother (or any other party) appealed from those October 2021 orders. Her time to do so has expired. (See Cal. Rules of Court, rule 8.406.) Mother's failure to appeal from those orders leaves us with no effective relief to give her. (Compare *S.G., supra*, 71 Cal.App.5th at pp. 666–667 [reviewing court can require juvenile court to correct reversible error through remittitur even after it has terminated jurisdiction, but failure to appeal from an exit order that terminated jurisdiction *and* set forth final custody order would moot appeal from earlier dispositional order regarding custody] with *In re Rashad D.* (2021) 63 Cal.App.5th 156, 164 [appeal from jurisdictional finding also required appeal from orders terminating jurisdiction and awarding custody because juvenile court would have no jurisdiction to conduct further hearings, including modification of its custody order, unless reviewing court also reversed or vacated order terminating dependency].)[6]

---

[6] We need not resolve the differing views in these opinions as to whether an appellate court is able to require a juvenile court that has terminated its jurisdiction to act to correct reversible error if the order terminating jurisdiction has not been appealed. In the circumstances here, we cannot reverse the juvenile court's unappealed final custody order, which would be necessary to provide mother effective relief.

Even if we were to conclude substantial evidence did not support the juvenile court's findings on which it based its order sustaining the section 387 petition and removing N.T. from mother's custody, our reversal of that order would not lead to the return of N.T. to mother's physical custody. The custody and visitation terms in the juvenile court's subsequent final juvenile custody order—awarding sole physical custody of N.T. to father—still would govern. (*S.G., supra,* 71 Cal.App.5th at pp. 666–667.) That order is final and can be modified only through a petition to the family court. Thus, "[t]o effect an actual change in custody and visitation rights, [we] would need to reverse the juvenile court's last word on custody and/or visitation—the exit order terminating jurisdiction on those terms —which, . . . [we] do[ ] not have the power to do if that order has not been appealed." (*Id.* at p. 667.)

Accordingly, a reversal of the order granting the section 387 petition and removing N.T. from mother's custody would have no practical effect as the final custody order grants sole physical custody to father with monitored visitation to mother. We thus grant the Department's motion to dismiss mother's appeal as moot.

## DISPOSITION

The appeal is dismissed as moot.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

EGERTON, J.

We concur:

EDMON, P. J.

LAVIN, J.